EDNA LAHOMA SKELLEY v. STATE.

No. A-9239.  Sept. 9, 1938.

(82 P. 2d 843.)

For former opinion, see 64 Okla. Cr. 112, 77 P. 2d 1162.

David Tant, O. P. Estes, and Gordon Johnston, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, J. Permission was granted for oral argument to be had upon the petition for rehearing. Briefs in support thereof have been filed. Careful consideration has been given, the cases presented have been read, and the cases cited in the original opinion have been re-read. We have been unable to find anything which would cause us to change the opinion as first written. The suggestion that the instructions given by the trial court should be considered as a whole is, of course, true, and that was done before the writing of the original opinion. Instruction No. 24 (which is quoted in full in the dissenting opinion) does not, to our mind, in any way, present the defense of defendant of "excusable homicide," based upon "accidental death." This instruction does not even use the word "accidental," and could in no way be construed as an affirmative instruction presenting this issue, to which defendant was entitled under the law. It uses these words just as they are used in the statute. The issue of "excusable homicide," based upon "accidental death," was at no time presented to the jury in an affirmative way, as held by this court, and every other court, in the decisions heretofore cited in the original opinion.

The only issue presented by an affirmative instruction was that of self-defense. Instruction No. 22 gives the jury the right to consider the statements made by deceased, but does not mention the word "accidental," nor in any way give an affirmative charge that if deceased was killed accidentally, defendant would not be guilty of the crime charged. The decision in this case does not to our mind "overrule the settled law of this jurisdiction," but sustains the principles which have been announced by this court since its organization, and by the courts of every state, the principle that:

"It is the duty of the court to instruct the jury from both the standpoint of the state and the defendant; and the defendant has the right to have a clear, affirmative charge, based upon the hypothesis that her testimony, and the testimony of her witnesses, was true, when this testimony affects a material issue in the case."

An examination and special reference to the decisions cited in support of the contention of the state would lengthen this opinion to an undue extent. These cases are cited and reviewed in the dissenting opinion of Judge Doyle filed in this case. These two opinions express the honest divergent views of the members of this court after a most careful consideration of the record. The majority of the court are of the opinion that defendant was not accorded that fair and impartial trial to which she was entitled under the law of the land, and that the petition for rehearing should be denied.

DAVENPORT, P. J., concurs.  DOYLE, J., dissents.